**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-01305-NYW

IDRIS IGLILI,

      Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
GEORGE VALDEZ, in his official capacity,[1]
MARKWAYNE MULLIN, in his official capacity,
TODD LYONS, in his official capacity, and
PAMELA BONDI, in her official capacity,

      Respondents.

_____

**ORDER**
_____

This matter is before the Court on the Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (the "Petition").  [Doc. 1].

Petitioner Idris Iglili ("Petitioner") is a citizen of Morocco who is currently detained at the GEO Group ICE Contract Detention Facility in Aurora, Colorado.  [*Id.* at ¶ 15].  He has been detained since December 2024.  [*Id.* at ¶ 21].  Petitioner argues that his continued detention and the conditions of his detention violate his due process rights, the Immigration and Nationality Act, his Fourth Amendment rights, the Administrative Procedure Act, and his Eighth Amendment rights.  [*Id.* at ¶¶ 53–70].  He seeks, among other things, a Court order directing Respondents to immediately release him.  [*Id.* at 13].

_____

[1] Pursuant to Fed. R. Civ. P. 25(d), George Valdez is automatically substituted in as a Respondent as the Director of the Denver ICE Field Office.

Upon review of the Petition, it is **ORDERED** that Petitioner shall **SERVE** Respondents with a copy of the Petition, any accompanying papers, and a copy of this Order by e-mail and by overnight mail on or before **April 3, 2026**.  Petitioner shall promptly file proof of such service on the docket by **April 7, 2026**, and counsel for Respondents shall promptly enter their notices of appearance.   Within **seven days of service**, Respondents shall **RESPOND** to the Petition and **SHOW CAUSE** why the Petition shall not be granted.  *See, e.g., Yassine v. Collins*, No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)).  Any reply shall be filed no later than **seven days** after the Response.

In addition, the All Writs Act provides, in pertinent part, that:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a).  The All Writs Act dates from the first Judiciary Act of 1789, and the Supreme Court has recognized that its express authority empowers lower courts, in limited circumstances, to issue temporary injunctions as may be necessary to protect the status quo or their own jurisdiction.  *See FTC v. Dean Foods Co.*, 384 U.S. 597, 603, 608 (1966).  Indeed, the Supreme Court has instructed that, "[u]nless appropriately confined by Congress, a federal court may avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated in its sound

2

judgment to achieve the ends of justice entrusted to it." *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172–73 (1977) (quotation omitted).

Pursuant to the All Writs Act, and in order to preserve the Court's jurisdiction, Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this Order. *See Vizguerra-Ramirez v. Choate*, No. 25-cv-00881-NYW, ECF No. 11 at 4–5 (D. Colo. Mar. 21, 2025) (collecting cases); *Vazquez v. Baltazar*, No. 25-cv-03049-GPG-TPO, ECF No. 11 (D. Colo. Oct. 2, 2025); *Dean Foods Co.*, 384 U.S. at 603; *Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992).

Accordingly, it is **ORDERED** that:

(1)     Petitioner shall **SERVE** Respondents with a copy of the Petition and other documents on or before **April 3, 2026**, and shall file proof of service on or before **April 7, 2026**;

(3)     Within **seven days** of service, Respondents shall **SHOW CAUSE** why the Petition should not be granted. A reply may be filed no later than **seven days** after the response; and

(4)     Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the United States Court of Appeals for the Tenth Circuit vacates this Order.

DATED:  March 31, 2026                         BY THE COURT:

                                                              _____
                                                              Nina Y. Wang
                                                              United States District Judge

3