**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-01305-NYW

IDRIS IGLILI,

      Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
GEORGE VALDEZ, in his official capacity,
MARKWAYNE MULLIN, in his official capacity,
TODD LYONS, in his official capacity, and
TODD BLANCHE, in his official capacity,

      Respondents.[1]

_____

### MEMORANDUM OPINION AND ORDER
_____

This matter is before the Court on the Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief ("Petition"). [Doc. 1]. The Petition is fully briefed. *See* [Doc. 7; Doc. 9]. For the reasons set forth below, the Petition is respectfully **DENIED without prejudice and with leave to re-file**.

### BACKGROUND

Petitioner Idris Iglili ("Petitioner" or "Mr. Iglili") is a citizen of Morocco who is currently detained at the GEO Group ICE Contract Detention Facility in Aurora, Colorado. [Doc. 1 at ¶ 15]. He entered the United States ON December 10, 2024, [*id.* at ¶ 21], and

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Todd Blanche is automatically substituted in as a Respondent as the Acting United States Attorney General.

he has been detained for over one year, [*id.* at ¶¶ 2, 47].[2]

It is not entirely clear to this Court when Petitioner was detained.  The Petition states that he "was placed into expedited removal proceedings and was given a credible fear screening by a government official <u>at the border</u>," [*id.* at ¶ 22 (emphasis added)], which could be construed as a statement that Petitioner has been detained since December 10, 2024.  *See also* [*id.* at ¶ 2 (Petitioner stating that he has been detained since December 10, 2025)]; *supra* note 2 (this Court construing reference to 2025 as a typographical error).  But the exact length of Mr. Iglili's detention is not clearly set out in the Petition, and the Court is reluctant to base its rulings on assumptions.

Respectfully, Mr. Iglili's claims and the underlying grounds for relief are not clear to this Court, either.  In Count One, Petitioner asserts that his "continued detention violates his right to substantive and procedural due process guaranteed by the Fifth Amendment to the U.S. Constitution."  [Doc. 1 at ¶ 54].  He cites *Zadvydas v. Davis*, 533 U.S. 678 (2001), in support, *see* [Doc. 1 at ¶ 55], but he does not raise any meaningful argument under *Zadvydas*, and it is not clear to the Court that *Zadvydas* applies where the petitioner has not yet been given a final order of removal,[3] *see Thiam v. Hildebrand*, No. 1:26-cv-00610, 2026 WL 863834, at *4 (N.D. Ohio Mar. 30, 2026) ("*Zadvydas* does not apply before entry of a final order of removal."); *Banjoko v. Bondi*, No. 2:26-cv-00016-MIS-JMR, 2026 WL 752445, at *6 (D.N.M. Mar. 17, 2026) ("*Zadvydas* relief is not available when an alien is being detained under § 1226—without a final order of removal."), *recommendation*

---

[2] The Petition states that Petitioner has been detained "since December 10, 2025."  [Doc. 1 at ¶ 2].  However, based on Petitioner's other allegations, the Court believes that the reference to December 10, 202<u>5</u> to be a typographical error.  *See* [Doc. 1 at ¶ 47 ("Petitioner has not been detained for more than one year. . . .")].

[3] There are no allegations that Petitioner has been ordered removed.  *See* [Doc. 1].

*adopted*, 2026 WL 926448 (D.N.M. Apr. 6, 2026).

Mr. Iglili also asserts in Count One that DHS "has construed the language of the detention statutes unlawfully, inconsistent with over two decades of practice and violates the Petitioner's substantive due process right to liberty," but he does not identify which "detention statutes" he references, explain how they have been construed unlawfully or how the purported misinterpretation has caused his unconstitutional detention. [Doc. 1 at ¶ 56]. Finally, he asserts that the length of his violates his due process rights. [*Id.* at ¶ 57]. While Count One could thus be construed as a prolonged detention claim, his assertion is not supported by any argument identifying the legal standards applicable to a prolonged detention claim in this context. *See* [*id.*].

Count Two asserts that Petitioner "was denied a pre-deprivation hearing prior to his detention and therefore denied the right to demonstrate he was not a flight risk or a danger to the community prior to his detention in violation of his right to procedural due process." [*Id.* at ¶ 58]. He does not explain what statutory provision entitled him to a hearing prior to his detention. *See* [*id.*]. Elsewhere, he simply states that Respondents have violated "the Immigration and Nationality Act," without identifying which specific provision has been violated. [*Id.* at ¶ 59].

The Court's questions about the grounds underlying Count Two could potentially be answered by reviewing Count Three, which is titled "Violation of Statute and Implementing Regulations" and asserts that Petitioner "is entitled to a bond [hearing] under INA §236 as he was detained after entering the United States after inspection and is not a danger to the community nor a flight risk." [*Id.* at ¶ 61]. Section 236 of the INA is codified at 8 U.S.C. § 1226. *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL

3

2977650, at *8 (D. Colo. Oct. 22, 2025).  Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018)), and permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)–(2) (the Attorney General "*may* continue to detain" or "*may* release" the noncitizen (emphasis added)).

Courts across the country have issued thousands of orders over recent months distinguishing between detention under 8 U.S.C. § 1226(a), which is discretionary, and 8 U.S.C. § 1225, which mandates detention for "applicants for admission."  8 U.S.C. § 1225(b)(2)(A).  This Court has issued over a dozen of such orders.  *See, e.g.*, *Loa Caballero*, 2025 WL 2977650; *Briales-Zuniga v. Baltazar*, No. 25-cv-03439-NYW, 2026 WL 35227 (D. Colo. Jan. 6, 2026); *Bautista v. Noem*, No. 26-cv-00272-NYW, 2026 WL 532427 (D. Colo. Feb. 26, 2026).  Specifically, this Court has concluded that a noncitizen who has been present in the United States for some time prior to detention is not an "applicant for admission" subject to mandatory detention under § 1225(b), and is thus detained under, and entitled to a bond hearing under, § 1226(a).  *Loa Caballero*, 2025 WL 2977650, at *4–7.  It is not clear to this Court that Petitioner raises one of these now-standard claims arguing that he is detained under § 1226(a) (as opposed to § 1225(b)), and if Petitioner does raise such an argument, he does not explain why the Court should find, *under the facts of this case*, find that he is detained under § 1226.[4]

---

[4] For their part, Respondents state that "[t]he central legal issue presented in this case" is whether Petitioner is detained under § 1225(b)(2) or § 1226(a) and argue that this case "is not materially different from" *Loa Caballero*.  [Doc. 7 at 2].  The Court disagrees with

Count Four is titled "Right Against Unreasonable Seizure" and states that "[t]he arbitrary detention of Petitioner without a pre-deprivation hearing violates his right against unreasonable seizure." [Doc. 1 at ¶ 64]. This assertion is unsupported by legal authority recognizing a Fourth Amendment claim in this context or any meaningful argument. *See* [*id.*]. Count Five arises under the Administrative Procedure Act and asserts that "[t]he radical change in policy by the Department of Homeland Security" and the "radical change in judicial interpretation of bond eligibility for those who entered without inspection after two decades" are "arbitrary, capricious, and otherwise not in accordance with law." [*Id.* at ¶¶ 66–67]. But Mr. Iglili does not explain how these assertions are tied to his request for immediate release. *See* [*id.*].

Petitioner also asserts that the Government's failure to provide him adequate medical care is arbitrary, capricious, and unlawful; this assertion is akin to his allegations in Count Six, which asserts that Respondents have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. [*Id.* at ¶¶ 68–70]. Mr. Iglili does not explain why these allegations are properly asserted in a habeas petition or why the appropriate relief for this claim is immediate release. *See* [*id.*]; *see also Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000) ("[F]ederal claims challenging the conditions of his confinement generally do not arise under § 2241.").

In sum, Petitioner's claims and the legal bases therefor are not sufficiently clear. Petitioner proceeds through counsel, and accordingly, he is not entitled to a liberal

---

Respondents' view of the case, which fails to address the factual differences between this case and *Loa Caballero*—namely, that Mr. Iglili was apparently detained upon arrival at the border, while the petitioner in *Loa Caballero* was detained after he had been present in the United States for over 20 years—and which does not address Petitioner's other potential bases for relief, such as the length of his detention to date.

construction of his filings.  *See Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). And even if this Court were to construe the Petition liberally and try to ascertain the exact nature of Petitioner's claims, his claims are not supported by meaningful legal argument and analysis and would essentially require this Court to fashion his arguments and marshal the record for him—which is simply inappropriate.  *See id.* (observing that it is not a district court's job to "separate the wheat from the chaff" to "stitch together cognizable claims for relief").  For these reasons, the Petition is respectfully **DENIED without prejudice and with leave to re-file**.  Should Petitioner choose to file an amended petition, he must clearly set out his claims for relief and the corresponding legal grounds and he must clearly articulate, with developed argument supported by legal authority, why his requested relief is warranted.  Any amended petition shall be filed on or before **May 12, 2026**.  Any response shall be filed by **May 19, 2026**, and any reply shall be filed by **May 26, 2026**.  If no amended petition is filed by **May 12, 2026**, the Court will direct the Clerk of Court to terminate this case.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1)    The Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief [Doc. 1] is **DENIED without prejudice and with leave to re-file**;

(2)    Any amended petition shall be filed on or before **May 12, 2026**.  The response shall be filed by **May 19, 2026**, and any reply shall be filed by **May 26, 2026**; and

(3)    If no amended petition is filed by **May 12, 2026**, the Court will direct the

6

Clerk of Court to terminate this case without any further warning to Petitioner.

DATED: April 21, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge